*Pirtle, for appellant.*

*Hord, James, Joyes, for appellees.*

---

J. R. HENDRICKS *v.* COMMONWEALTH OF KENTUCKY.

**Bail—When Second Bond Void:**

Where a justice of the peace, in an examining court, has adjudged the accused guilty and caused him to execute a bail bond for his appearance, a second bond as a result of a second examination by other justices for the same offense between the same parties, is void.

APPEAL FROM FRANKLIN CIRCUIT COURT.

December 5, 1873.

OPINION BY JUDGE PRYOR:

The accused had given bail bond for his appearance, the penalty of which was two hundred dollars, and was discharged from custody.

After his preliminary examination, no other justices, nor even the same court, had any power to require additional bond or security, except for the causes prescribed by Sec. 96, Criminal Code of Practice; and it is even doubtful whether this section applies to a proceeding in an examining court, when that court has discharged the person from custody. Thompson and Parsons had tried the case. George and Parsons then retried it and took or required another bond. If this power can be rightfully exercised, then there could be no termination to such proceedings in examining courts. There is nothing to show that the surety to the bond was insufficient, or that the offense was not bailable. No reason is assigned for one court adjudging the accused guilty, when a previous court of the same jurisdiction had rendered a similar judgment, in the same case, for the same offense, and between the same parties. The last bond is a nullity. Judgment reversed and cause remanded with directions to dismiss the proceedings on the bond for $500.00.

*Lindsay, for appellant.*

*Attorney-General, for appellee.*